UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| STEPHEN REAMS | CIVIL ACTION |
| VERSUS | |
| KIRSTJEN M. NIELSEN, SECRETARY OF DEPARTMENT OF HOMELAND SECURITY | 18-389-SDD-EWD |

## RULING

Local Rule 7(f) of the Middle District of Louisiana requires that memoranda in opposition to a motion be filed within twenty-one (21) days after service of the motion.

In the present case, a *Motion to Dismiss Pursuant to Rule 12(b)(1) and 12(b)(6)*[1] was electronically filed by Defendant, Kirstjen M. Nielsen, Secretary of Department of Homeland Security. Although Plaintiff, who is *pro se*, filed a timely *Opposition*[2] to this motion, his *Opposition* is unresponsive to the substantive arguments raised by Defendant and only expresses his opposition to the Court's refusal to appoint counsel for him in this matter. Thus, it does not constitute a proper opposition under Rule 7(f).

The Magistrate Judge conducted a *Spears* hearing in this matter and also addressed Plaintiff's request for appointment of counsel.[3] In a well-reasoned opinion, the

---

[1] Rec. Doc. No. 32.
[2] Rec. Doc. No. 38.
[3] Rec. Doc. No. 10.
51381

Court explained why Plaintiff's request for appointment of counsel was denied.[4] Plaintiff was also advised of his obligations in representing himself in a *pro se* capacity.[5]

Defendant's *Motion* clearly outlines the pleading deficiencies in Plaintiff's *Complaint*. Rather than attempt to cure these deficiencies, Plaintiff continues to seek the appointment of counsel although he fails to meet the exceptional circumstances standard. The Court acknowledges that "*pro se* pleadings are held to less stringent standards than pleadings drafted by lawyers,"[6] and "*pro se* pleadings must be treated liberally."[7] Nevertheless, Plaintiff is advised that, "a *pro se* litigant is not 'exempt ... from compliance with the relevant rules of procedural and substantive law.'[8] A *pro se* litigant is not entitled to greater rights than would be a litigant represented by a lawyer."[9]

Accordingly, based on the lack of substantive opposition to Defendant's *Motion*, it is deemed to be unopposed, and further, after reviewing the record, the Court finds that the *Motion* has merit as a matter of law. However, considering Plaintiff's *pro se* status, and the fact that Plaintiff has not sought leave to amend his *Complaint* in this matter, the Court will DENY Defendant's *Motion to Dismiss Pursuant to Rule 12(b)(1) and 12(b)(6)*[10] without prejudice to the right to re-urge and allow Plaintiff to file an *Amended Complaint*

---

[4] Rec. Doc. No. 13.
[5] *Id.* at 6.
[6] *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).
[7] *U.S. v. Robinson*, 78 F.3d 172, 174 (5th Cir.1996); *Priester v. Lowndes County*, 354 F.3d 414, 418 (5th Cir. 2004).
[8] *NCO Financial Systems, Inc. v. Harper–Horsley*, No.07–4247, 2008 WL 2277843 at *3 (E.D.La. May 29, 2008), quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir.1981).
[9] *Id.*, citing *Birl*, 660 F.2d at 593.
[10] Rec. Doc. 32.
51381

on or before May 24, 2019.  Should Plaintiff fail to amend his *Complaint*, this matter will be dismissed with prejudice.

    **IT IS SO ORDERED**.

    Signed in Baton Rouge, Louisiana on <u>April 30, 2019</u>.

_____
**CHIEF JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**